IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC I. CLANTON, #M11654, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| JEFFERY DENNISON, and IDOC, | ) ) ) ) |
| Defendants. | ) |

Case No. 19-cv-00720-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Eric Clanton, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Shawnee Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights. Plaintiff claims that staff at Shawnee were deliberately indifferent to his serious medical needs and seeks money damages.

Plaintiff's Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriquez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## THE COMPLAINT

Plaintiff makes the following allegations: On May 4, 2019, at 1 a.m., Plaintiff started having an asthma attack. (Doc. 1, p. 6). He repeatedly pressed the black button located in his cell, which is supposed to notify main control that there is a problem in the cell, but no one came. He stood by his cell door, but he could not breath, and he was unable to alert officers for help. For over three house no one came by his cell to do the routine wellbeing check, as is required by IDOC policy. At 4:30 a.m., the cell doors opened for breakfast, and Plaintiff was able to tell an officer that he needed medical attention. He walked to health care and was given numerous breathing treatments, which did not slow down his breathing. The nurses then treated Plaintiff with a steroid administered through an IV. He remained in health care for twenty-four hours and was prescribed Prednisone for a month. Plaintiff claims that because he suffered for over three hours without treatment, his asthma has worsened causing him to have to take Prednisone, which has side effects. *Id.*

## DISCUSSION

Based on the allegations in the Complaint, the Court finds it convenient to designate the following Count:

> **Count 1:** Eighth Amendment claim of deliberate indifference to a serious medical need against Defendants for failing to respond to Plaintiff's asthma attack causing him to suffer for over three hours and his asthma to become worse.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is mentioned in the**

**Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

The Court finds that Plaintiff's Complaint, as currently drafted, fails to state a claim upon which relief may be granted. Plaintiff identifies Warden Jeffery Dennison and IDOC as defendants in the case caption, but he does not describe how either defendant violated his constitutional rights. In fact, neither defendant is referenced in the statement of claim at all. Federal Rule of Civil Procedure 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Merely invoking the name of a potential defendant by listing him or her in the case caption is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Because Plaintiff has failed to associate his claims with any of the named defendants the Complaint will be dismissed.

Further, the Court notes that IDOC, as a state government agency, is generally immune from suit under Section 1983. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.,* 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same). Accordingly, IDOC shall be dismissed from this action with prejudice.

---

[1] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

In light of these deficiencies, Plaintiff's Complaint does not survive preliminary review and shall be dismissed. If he wishes to pursue his claims, Plaintiff must file an amended complaint describing *how* defendants, named as a party in the case caption, violated his rights, keeping in mind that in Section 1983 actions, there is no supervisory liability. To be held individually liable a defendant must be "'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).

### MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 10). There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene,* 615 F.3d 847, 851 (7th Cir. 2010). Federal district courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist *pro se* litigants. *Id.* When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

With regard to the first step of the inquiry, Plaintiff provides a letter from one law firm who has declined to accept his case and states that he has not received a response from the other law firms that he has contacted. (Doc. 10, p. 1). Not only has Plaintiff not provided sufficient information regarding reasonable attempts to find counsel himself, but he also has not offered any reasons for why he is unable to represent himself. Plaintiff discloses that he has some high school education and appears capable of litigating this matter *pro se,* at least for now. For these reasons, Plaintiffs' motion is **DENIED** without prejudice. The Court encourages Plaintiff to renew the

request for the appointment of counsel at a later date. If Plaintiff does renew the request, he should give the Court rejection letters from at least three lawyers to prove that he has made reasonable efforts to find a lawyer on his own.

## DISPOSITION

**IT IS ORDERED** that the Complaint (including **COUNT 1**) is **DISMISSED** without prejudice against **DENNISON** for failure to state a claim for relief. The Complaint is **DISMISSED** with prejudice as to **IDOC**.

**IT IS FURTHER ORDERED** that Defendants **DENNISON** and **IDOC** are **DISMISSED** from the action.

**IT IS FURTHER ORDERED** that the Motion for Recruitment of Counsel (Doc. 10) is **DENIED** without prejudice.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **October 18, 2019**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-00720-NJR). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

5

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 9/13/2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**