IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ERIC I. CLANTON,
#M11654,

        Plaintiff,

v.

Case No. 19-cv-00720-NJR

JEFFERY DENNISON,
JOHN DOE 1,
JOHN DOE 2, and
JOHN DOE 3,
        Defendants.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Eric Clanton, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Shawnee Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights. Clanton claims that staff at Shawnee were deliberately indifferent to his serious medical needs when he had an asthma attack and seeks money damages. The Court conducted a preliminary review pursuant to 28 U.S.C. § 1915A and dismissed the original complaint for failure to state a claim. (Doc. 11). Clanton was granted leave to file an amended complaint.

The First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the

*pro se* complaint are to be liberally construed. *Rodriquez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE FIRST AMENDED COMPLAINT

Clanton makes the following allegations: On May 3, 2019, at around 1 a.m., he began having an asthma attack. (Doc. 12, p. 6). Clanton pressed the emergency panic button but was unable to notify any staff for over three and a half hours. Correctional Officers John Doe 1, John Doe 2, and John Doe 3 were assigned to his housing unit during the attack and failed to complete their routine wellbeing check. IDOC has a policy that officers should do checks every thirty minutes. (*Id.*).

Clanton did not receive help until his cell door was opened for breakfast at 4:30 a.m. He was then able to notify staff and taken to the healthcare unit. (*Id.* at p. 7). He remained in the healthcare unit for twenty-four hours, where he was given breathing treatments and an airway opening steroid administered through an I.V. After being released, his asthma worsened and he was prescribed prednisone for a month, which has side effects. Clanton states that because of the prolonged asthma attack on May 3, his health has deteriorated. (*Id.*).

## DISCUSSION

Based on the allegations in the First Amended Complaint, the Court finds it convenient to designate the following Count:

> **Count 1:** Eighth Amendment claim against Defendants for deliberate indifference to Clanton's asthma attack causing him to suffer for over three hours and his asthma to become worse.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is mentioned in**

**the First Amended Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

The Court finds that the First Amended Complaint has failed to state a claim upon which relief may be granted. Clanton has not alleged any facts that support a claim that Defendants acted with deliberate indifference. A defendant is deliberately indifferent to a serious medical need when he knows of a serious risk to the prisoner's health but consciously disregards the risk. *Holloway v. Delaware Cty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citation omitted). Negligence, gross negligence, or even recklessness does not support an Eighth Amendment claim. *Collins v. Seeman,* 462 F.3d 757, 762 (7th Cir. 2006). The deliberate indifference standard "approaches intentional wrongdoing." *Holloway,* 700 F.3d at 1073.

Clanton claims that Jeffery Dennison acted with deliberate indifference by ignoring the fact that some of the emergency call buttons needed maintenance and failed to enforce subordinate staff to perform wellbeing checks. Similarly, he states that the John Doe Defendants failed to conduct their duties according to IDOC policy on wellbeing checks and properly supervise subordinate staff. These allegations fail to state a constitutional claim for two reasons. First, Clanton cannot pursue relief against Dennison or the John Doe Defendants based solely on their supervisory roles at the prison. *Respondeat superior* liability is not recognized under Section 1983. *Ashcroft v. Iqbal*, 556 US. 662, 676 (2009). "Liability under [Section] 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). Second, Clanton has not alleged that Defendants actually knew he was having an asthma attack or was at risk to

---

[1] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

have an attack or that they knew the emergency call button in his cell did not work and failed to repair it. The "Supreme Court expressly rejected the suggestion that a prison official violates the Eighth Amendment when he might have known of a risk of harm, or in any event *should have* known." *Steidl v. Gramley,* 151 F.3d 739, 741 (7th Cir. 1998). An official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 765 (7th Cir. 2002). Clanton does not claim that Defendants acted intentionally or in a criminally reckless manner as is required for an Eighth Amendment violation.

Finally, the claim that Defendants did not follow IDOC policy by performing wellness checks every thirty minutes also does not state a constitutional claim. A federal court does not enforce state law and regulations, and thus, the policy is not actionable under Section 1983. *Scott v. Edinburg,* 346 F.3d 752, 760 (7th Cir. 2003) (Section 1983 provides a remedy for constitutional violations, not violations of state statutes and regulations). For these reasons, Count 1 and the First Amended Complaint shall be dismissed for failure to state a claim upon which relief may be granted.

## LEAVE TO AMEND

Because the First Amended Complaint is being dismissed, the Court must once again consider whether to allow Clanton to submit an amended complaint in an effort to state a viable claim. The Court is cognizant of the general preference to allow a *pro se* litigant to amend a complaint that fails to state a claim in order to correct the deficiencies. *See* FED. R. CIV. P. 15(a). Leave to amend a complaint need not be granted, however, when an amendment would be futile. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chi.,* 24 F.3d 966, 970 (7th Cir. 1994); *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n,* 377

F.3d 682, 687 (7th Cir. 2004) (leave to amend should be freely given "unless it is certain from the face of the complaint that any amendment would be futile").

The Court finds that amendment in this case would be futile because the events described in the First Amended Complaint do not reveal any actions that amount to deliberate indifference to Clanton's medical condition, and amendment would not result in a viable deliberate indifference claim against any of the named defendants. Therefore, this matter will be dismissed without leave to amend.

### PENDING MOTIONS

Because this case shall be dismissed, any pending motions, including the Motion for Appointment of Counsel (Doc. 13), are denied as moot.

### DISPOSITION

For the reasons set forth above, the First Amended Complaint (Doc. 12), and this entire action, are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. Clanton is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). All pending motions are **DENIED as moot**.

If Clanton wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Clanton does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Clanton may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule

of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:   April 21, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**